**MᴄGᴜɪʀᴇWᴏᴏᴅs LLP**
Matthew C. Kane, Esq. (SBN 171829)
    Email: mkane@mcguirewoods.com
Michael D. Mandel, Esq. (SBN 216934)
    Email: bpelliconi@mcguirewoods.com
Sabrina A. Beldner, Esq. (SBN 221918)
    Email: sbeldner@mcguirewoods.com
Sylvia J. Kim, Esq. (SBN 258363)
    Email:  skim@mcguirewoods.com
1800 Century Park East, 8ᵗʰ Floor
Los Angeles, California 90067
Telephone:     (310) 315-8200
Facsimile:     (310) 315-8210

Attorneys for Defendant
OLD DOMINION FREIGHT LINE, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN TURNAGE, Individually and on behalf of All Similarly Situated Current and Former Employees of Defendant,<br><br>             Plaintiff,<br><br>        v.<br><br>OLD DOMINION FREIGHT LINE, INC., and Does 1 through 25, Inclusive,<br><br>             Defendant. | **CASE NO. 13-cv-1409 PJH**<br><br>**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404:**<br><br>**(1)    NOTICE OF MOTION**<br><br>**(2)    REQUEST FOR JUDICIAL NOTICE**<br><br>**(3)    MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**(4)    DECLARATION OF MATTHEW C. KANE**<br><br>        ***Under Separate Cover:***<br><br>**(5)    DECLARATION OF BILL TITTSWORTH**<br><br>**(6)    [PROPOSED] ORDER**<br><br>**Date:        June 12, 2013**<br>**Time         9:00 a.m.**<br>**Courtroom:   3 – 3ʳᵈ Floor**<br>**Judge:       Phyllis J. Hamilton** |

47790205.4

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................... iii

NOTICE OF MOTION ............................................................................................... vii

REQUEST FOR JUDICIAL NOTICE ....................................................................... viii

MEMORANDUM OF POINTS AND AUTHORITIES ................................................1

I. INTRODUCTION AND SUMMARY OF ARGUMENT........................................ 1

II. STATEMENT OF FACTS.................................................................................... 2

    A. TURNAGE'S CLAIMS AGAINST ODFL IN THIS ACTION ............................................. 2

    B. THE FIRST-FILED *RODRIGUEZ* ACTION PENDING IN THE CENTRAL DISTRICT OF CALIFORNIA INVOLVING SUBSTANTIALLY SIMILAR ALLEGATIONS AND CLAIMS ......................................................................... 3

III. ARGUMENT .................................................................................................... 4

    A. THIS CASE SHOULD BE TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA WHERE THE FIRST-FILED *RODRIGUEZ* ACTION IS PENDING, OR IT SHOULD BE DISMISSED OR STAYED, PURSUANT TO THE FIRST-TO-FILE RULE ............................................................................. 4

        1. Legal Standards Applicable To The First-To-File Rule.............................. 4

        2. *Rodriguez* Is The First-Filed Action Vis-À-Vis This Later-Filed Action .......................................................................................... 6

        3. The Parties Here Are Identical To The Parties In The *Rodriguez* Action ...................................................................................... 6

        4. The Issues In This Case Are Substantially Identical To Those In The First-Filed *Rodriguez* Action ..................................................... 8

    B. TRANSFER ALSO IS WARRANTED PURSUANT TO 28 U.S.C. § 1404(a) .................... 13

        1. Legal Standards Applicable To Transfers Under Section 1404(a).............. 13

        2. *Turnage* Could Have Brought This Action In The Central District Of California, Where ODFL Is Subject To Its Personal Jurisdiction And Which Is A Proper Venue For This Action .................... 14

        3. The Interests Of Justice Favor Transfer ..................................................... 15

        4. The Remaining Section 1404(a) Factors Favor Transfer Or Are Neutral ................................................................................................. 17

            a. *Factor 1: Plaintiff's Choice Of Forum Is A Neutral Factor* ........................................................................................ 17

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

b.   *Factor 2:  The Convenience Of The Parties And Witnesses Favors Transfer* .................................. 17

c.   *Factor 3:  The Ease Of Access To Sources Of Proof Is A Neutral Factor* ............................................... 19

d.   *Factor 4:  The Familiarity Of Each Forum With The Applicable Law Is A Neutral Factor* ................. 19

e.   *Factor 5:  The Feasibility Of Consolidation With Other Claims Favors Transfer* ............................... 19

f.   *Factor 6:  The Local Interest In The Controversy Is A Neutral Factor* ............................................... 20

g.   *Factor 7:  The Relative Docket Congestion Favors Transfer* ............................................................. 20

IV.   CONCLUSION ....................................................................... 22

DECLARATION OF MATTHEW C. KANE ............................................ 23

47790205.4

ii

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**FEDERAL CASES**

4

*A.J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*
5
    503 F.2d 384 (9th Cir. 1974).......................................................................................... 19

6

*Alioto v. Hoiles,*
    2004 WL 2326367 (N.D. Cal. Oct. 12, 2004) ...................................................... 5, 6

7

8

*Allstar Mktg. Group, LLC v. Your Store Online, Inc.*
    666 F.Supp.2d 1109 (C.D. Cal. 2009)........................................................................ 19

9

*Alltrade, Inc. v. Uniweld Prods., Inc.*
    946 F.2d 622 (9th Cir. 1991)........................................................................................... 5

10

*Callaway Golf Co. v. Corporate Trade, Inc.*
11
    2010 WL 743829 (S.D. Cal. Mar. 1, 2010)............................................................. 16

12

*Cedars-Sinai Medical Ctr. v. Shalala,*
13
    125 F.3d 765 (9th Cir. 1997) ............................................................................... 5, 13

14

*Chieftain Royalty Co. v. XTO Energy, Inc.,*
    2011 WL 1533073 (E.D. Okla. Apr. 22, 2011) ................................................... 7, 8

15

*Church of Scientology v. United States Dep't of the Army*
16
    611 F.2d 738 (9th Cir. 1979)........................................................................................... 5

17

*Costco Wholesale Corp. v. Liberty Mutual Ins. Co.*
18
    472 F.Supp.2d 1183 (S.D. Cal. 2007) ....................................................................... 20

19

*Crawford v. Bell*
    599 F.2d 890 (9th Cir. 1979)........................................................................................... 5

20

*Ctr. for Food Safety v. Vilsack*
21
    2011 WL 996343 (N.D. Cal. Mar. 17, 2011) ........................................ 17, 19, 20, 21

22

*Curry v. Hansen Med., Inc.*
23
    2010 WL 702432 (N.D. Cal. Feb. 25, 2010)............................................................ 20

24

*Dist. Council 37 Health & Sec. Plan v. McKesson Corp.*
    2006 WL 1305235 (N.D. Cal. May 11, 2006) ........................................................... 6

25

*Fossum v. Northwestern Mut. Life Ins. Co.,*
26
    2010 U.S. Dist. LEXIS 99904 (N.D. Cal. Sept. 16, 2010 ...................................... 13

27

*Foster v. Litton Industries, Inc.*
    431 F.Supp. 86 (S.D.N.Y. 1977).................................................................................. 20

28

iii

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY**
**ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

*Georgouses v. Natec Resources*
   963 F.Supp. 728 (N.D. Ill. 1997) .............................................................. 17

*Hanlon v. Takeda Pharms. N. Am., Inc.,*
   2011 WL 1430333 (N.D. Ohio Apr. 14, 2011) ........................................... 7

*Herman v. Yellowpages.com, LLC*
   2011 WL 1615174 (S.D. Cal. Mar. 29, 2011)......................................... 5, 13

*Hoffman v. Blaski*
   363 U.S. 335 (1960) ................................................................................. 14

*IBJ Schroder Bank & Trust Co. v. Mellon Bank, N.A.*
   730 F.Supp. 1278 (S.D.N.Y. 1990) .......................................................... 17

*In re Ferrero Litig.*
   768 F.Supp.2d 1074 (S.D. Cal. 2011) ...................................................... 16

*In re: TFT-LCD (Flat Panel) Antitrust Litig.*
   2011 WL 1399441 (N.D. Cal. Apr. 13, 2011) .......................................... 5, 7

*Inherent.com v. Martindale-Hubbell*
   420 F.Supp.2d 1093 (N.D. Cal. 2006) ........................................................ 5

*Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*
   544 F.Supp.2d 949 (N.D. Cal. 2008) ......................................................... 6

*Jolly v. Purdue Pharma L.P.*
   2005 WL 2439197 (S.D. Cal. Sept. 27, 2005) .......................................... 19

*Jumapao v. Wash. Mut. Bank,*
   2007 WL 4258636 (S.D. Cal. Nov. 29, 2007) ........................................... 8

*Lou v. Belzberg*
   834 F.2d 730 (9th Cir. 1987)..................................................................... 17

*Medlock v. HMS Host USA, Inc.,*
   2010 WL 5232990 (E.D. Cal. Dec. 16, 2010) ................................... 7, 12, 13

*Mussetter Distrib. v. DBI Bev. Inc.*
   2009 WL 1992356 (E.D. Cal. July 8, 2009) ............................................. 19

*Pacesetter Sys., Inc. v. Medtronic, Inc.*
   678 F.2d 93 (9th Cir. 1982)....................................................................... 5, 8

*Peak v. Green Tree Fin. Servicing Corp.,*
   2000 WL 973685 (N.D. Cal. July 7, 2000) ................................................ 8

*Sutter Corp. v. P & P Indus., Inc.*
   125 F.3d 914 (5th Cir. 1997) ...................................................................... 6

*Temple v. Guardsmark LLC*
    2009 WL 2997396 (N.D. Cal. Sept. 16, 2009) ................................................. 15

*Turner v. Harrah's New Orleans Hotel & Casino*
    2011 WL 1666925 (C.D. Cal. Apr. 7, 2011) ................................................. 13

*Van Dusen v. Barrack*
    376 U.S. 612 (1964) ................................................. 13

*Ward v. Fluor Enters.*
    2011 WL 778720 (N.D. Cal. Mar. 1, 2011) ................................................. 15

*Weinstein v. Metlife, Inc.*
    2006 WL 3201045 (N.D. Cal. Nov. 6, 2006) ................................................. 6

*Wells v. Cingular Wireless LLC*,
    2006 WL 2792432 (N.D. Cal. Sept. 27, 2006) ................................................. 16

*West Gulf Maritime Asso. v. ILA Deep Sea Local 24, etc.*
    751 F.2d 721 (5th Cir. 1985) ................................................. 6

*White v. Peco Foods, Inc.*
    546 F.Supp.2d 339 (S.D. Miss. 2008) ................................................. 6

*Wiley v. Trendwest Resorts, Inc.*
    2005 WL 1910934 (N.D. Cal. Aug. 9, 2005) ................................................. 16, 17

*Williams v. Bowman*
    157 F.Supp.2d 1103 (N.D. Cal. 2001) ................................................. 14

*Wright v. RBC Capital Markets Corp.*,
    2010 WL 2599010 (E.D. Cal. June 24, 2010) ................................................. 5

**FEDERAL STATUTES**

28 U.S.C. § 1404(a) ................................................. 1, 2, 13, 14, 15, 17, 19, 20, 21, 22

**CALIFORNIA STATUTES**

Cal. Bus. & Prof. Code § 17200 ................................................. 2, 8, 10

Cal. Lab. Code § 201 ................................................. 2, 3, 4, 8, 10, 12

Cal. Lab. Code § 202 ................................................. 4, 8, 10, 12

Cal. Lab. Code § 203 ................................................. 10, 11

Cal. Lab. Code § 204 ................................................. 2, 3

Cal. Lab. Code § 204(a) ................................................. 11

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

Cal. Lab. Code § 204(b) ................................................................................................ 11

Cal. Lab. Code § 210 .................................................................................................... 11

Cal. Lab. Code § 218.5 ................................................................................................. 11

Cal. Lab. Code § 218.6 ................................................................................................. 11

Cal. Lab. Code § 223 .................................................................................................... 11

Cal. Lab. Code § 225.5 ................................................................................................. 10

Cal. Lab. Code § 226 .......................................................................................... 2, 3, 4, 11

Cal. Lab. Code § 226(a) ........................................................................................ 2, 9, 11

Cal. Lab. Code § 226.3 ................................................................................................. 11

Cal. Lab. Code § 226.7 ........................................................................................ 2, 3, 10

Cal. Lab. Code § 510 .................................................................................................. 3, 11

Cal. Lab. Code § 512 .......................................................................................... 2, 3, 11

Cal. Lab. Code § 558 .................................................................................................... 11

Cal. Lab. Code § 1174 .................................................................................................. 11

Cal. Lab. Code § 1174.5 ............................................................................................... 11

Cal. Lab. Code § 1194 ........................................................................................... 2, 11

Cal. Lab. Code § 1197 ........................................................................................... 2, 11

Cal. Lab. Code § 1198 ........................................................................................... 2, 11

Cal. Lab. Code § 1198.5 ................................................................................................. 2

Cal. Lab. Code § 2699 ........................................................................................... 2, 11

**OTHER CALIFORNIA AUTHORITIES**

IWC Wage Order 9-2001 ............................................................................................. 9

**TREATISES AND OTHER AUTHORITIES**

15 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3854 (3d ed. 2010) ............. 16, 17

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

## NOTICE OF MOTION

**TO PLAINTIFF ALLAN TURNAGE AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on June 12, 2013, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3 of the above-captioned Court, located at 1301 Clay Street, Oakland, CA 94612, Defendant Old Dominion Freight Line, Inc. ("ODFL" or "Defendant") will and hereby does move the Court to transfer this action to the Central District of California, or to dismiss or stay this action, pursuant to the first-to-file rule on grounds that (1) the parties in this action are identical to the parties involved in an earlier-filed action, *Marco Rodriguez v. Old Dominion Freight Line, Inc.* ("*Rodriguez*"), filed and currently pending in the Central District of California, Case No. 2:13-cv-00891-DSF-RZ therein; and (2) the issues in *Rodriguez* and this action are substantially similar.

ODFL further and/or alternatively moves to transfer this action to the Central District of California "in the interests of justice" under 28 U.S.C. § 1404(a), to prevent the waste of time, energy and money attendant to duplicative litigation, and to protect the Court and the parties from unnecessary inconvenience and expense.

This Motion is based on this Notice, the attached Request for Judicial Notice, Memorandum of Points and Authorities and Declaration of Matthew C. Kane, the accompanying Declaration of Bill Tittsworth, the Court's file and records in this action, all matters which may be judicially noticed pursuant to Rule 201 of the Federal Rules of Evidence, and such other and further evidence and arguments as may be presented to the Court at or before the hearing on this Motion.

DATED: May 8, 2013                 **MCGUIREWOODS LLP**


By:    s / Matthew C. Kane

        Matthew C. Kane, Esq.
        Michael D. Mandel, Esq.
        Sabrina A. Beldner, Esq.
        Sylvia J. Kim, Esq.

        Attorneys for Defendant
        OLD DOMINION FREIGHT LINE, INC.

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

## <u>REQUEST FOR JUDICIAL NOTICE</u>

**TO THE HONORABLE PHYLLIS J. HAMILTON AND TO PLAINTIFF ALLAN TURNAGE AND HIS ATTORNEYS OF RECORD:**

Pursuant to Fed. R. Evid. 201(b) and (d), Defendant Old Dominion Freight Line, Inc. ("Defendant" or "ODFL") hereby requests that the Court take judicial notice of the following documents attached hereto as the exhibits indicated below in support of its Motion To Transfer, Dismiss Or Stay Action Pursuant To First-To-File Rule And/Or 28 U.S.C. § 1404 (the "Motion"):

<u>Exhibit A</u>:     Plaintiff's Complaint filed in the Superior Court of the State of California in and for the County of Alameda entitled *Allan Turnage, individually, and on behalf of all similarly situated current and former employees of Defendant v. Old Dominion Freight Line, Inc., and Does 1 through 25, inclusive*, Case No. HG13664322 (the "State Court Action"), a copy of which was attached as Exhibit A to Defendant's Notice of Removal filed with this Court on March 28, 2013. *See* Dkt. #1.

<u>Exhibit B</u>:     A true and correct copy of the Complaint filed in *Marco Rodriguez v. Old Dominion Freight Line, Inc.* ("*Rodriguez*") in the Los Angeles County Superior Court on January 7, 2013, Case No BC498694, which was subsequently removed to the United States District Court for the Central District of California on February 7, 2013 and assigned Case No. 13-cv-891 DSF (RZx) therein.

<u>Exhibit C</u>:     A true and correct copy of the First Amended Complaint filed in *Rodriguez* on April 24, 2013.

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

1  Exhibit D:   A true and correct copy of Defendant's Notice of Pendency of Other Action

2              or Proceedings filed in this action pursuant to N.D. Local Rule 3-13 on

3              April 24, 2013.  *See* Dkt. #4.

4

5      ODFL's request is made pursuant to Fed. R. Evid. Rule 201(b) and (d) on the grounds that

6  the foregoing documents are proper subjects for judicial notice because they are records of this

7  Court, another district court and/or the Superior Court of the State of California and/or their

8  contents are not subject to reasonable dispute and they are capable of accurate and ready

9  determination by resort to sources whose accuracy cannot reasonably be questioned.  *See, e.g.,*

10  *Duckett v. Godinez,* 67 F.3d 734, 741 (9th Cir. 1995) ("We may take judicial notice of proceedings

11  in other courts, whether in the federal or state systems"); *In re Dynamic Random Access Memory*

12  *(DRAM) Antitrust Litigation,* 516 F.Supp.2d 1072, 1083 n.3 (N.D. Cal. 2007) (granting request for

13  judicial notice of pleadings filed in California state courts).

14

15  DATED: May 8, 2013                    **McGuireWoods LLP**

16

17                          By:  _____s / Matthew C. Kane_____

18                               Matthew C. Kane, Esq.
                                Michael D. Mandel, Esq.

18                               Sabrina A. Beldner, Esq.
                                Sylvia J. Kim, Esq.

19

20                               Attorneys for Defendant
                                OLD DOMINION FREIGHT LINE, INC.

21

22

23

24

25

26

27

28

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY
ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION AND SUMMARY OF ARGUMENT

On **January 22, 2013**, Plaintiff Allan Turnage commenced this putative wage and hour class action in the Alameda County Superior Court on behalf of himself and a proposed class of truck drivers who worked in California for Defendant Old Dominion Freight Line, Inc. ("ODFL"), which was *removed* to this court on **March 29, 2013**.  In this action, Turnage alleges putative class action claims for (1) *meal break* violations; (2) *rest break* violations; (3) *minimum, regular and overtime wage* violations; (4) *timely wage payment* violations; (5) *inaccurate wage statement* violations; (6) *payroll recordkeeping* violations; (7) failure to allow *inspection of personnel files*; (8) violation of the California *Unfair Competition Law* ("UCL"), and (9) *penalties* pursuant to the California *Labor Code Private Attorney General Act* ("PAGA").  *See* Exh. A (*Turnage* Compl.).

However, two weeks earlier, on **January 7, 2013**, an *earlier-filed* action was commenced in the Los Angeles County Superior Court by former ODFL truck driver Marco Rodriguez, which was *removed* by ODFL to the Central District of California on **February 7, 2013**, where it is now pending before the Hon. Dale S. Fischer.  *See* Exh. B (*Rodriguez* Compl.).  As presently pled in the operative First Amended Complaint ("FAC"), the *first-filed Rodriguez* action is a putative wage and hour class action that includes the *same claims being asserted in this action by Turnage* and *seeks the same relief on behalf of the same proposed class of ODFL truck drivers.  See* Exh. C (*Rodriguez* FAC).  Indeed, ODFL so-notified this Court and Turnage of this when it removed Turnage's action to this Court.  *See* Exh. D (Notice of Pendency of Other Action).

Pursuant to the "first-to-file" rule and/or 28 U.S.C. § 1404(a), and in furtherance of principles of comity and sound judicial administration, Turnage's action should be transferred to the Central District of California, where it can be efficiently managed by Judge Fischer along with the first-filed *Rodriguez* action, or, alternatively, it should be dismissed or stayed.  Indeed, in the first-filed *Rodriguez* action, Judge Fischer will decide almost all of the same wage and hour claims putatively brought on behalf of the same group of employees that Turnage seeks to represent here, based on the same nucleus of factual allegations of ODFL's purported improper payment of wages and failure to provide meal and rest breaks.  Therefore, as we discuss below, such a transfer,

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

1   dismissal or stay of this action is appropriate and should be granted under the first-to-file rule

2   and/or 28 U.S.C. § 1404(a) in order to avoid the burden of duplicative proceedings and the risk of

3   inconsistent rulings and judgments, and/or because such a transfer would be "in the interest of

4   justice" in that it would prevent the waste of time, energy, and money attendant to duplicative

5   litigation, and  protect the litigants, witnesses, and the public from unnecessary inconvenience and

6   expense.

7   **II.      STATEMENT OF FACTS**

8          **A.      TURNAGE'S CLAIMS AGAINST ODFL IN THIS ACTION**

9          Plaintiff Allan Turnage is a former ODFL Pick-Up and Delivery ("P&D") truck driver.

10  *See* Exh. A (*Turnage* Compl.) at ¶ 8.  On **January 22, 2013**, he filed a putative wage and hour

11  class action Complaint against ODFL in the Alameda County Superior Court alleging, *inter alia*,

12  that ODFL failed to provide him and other similarly situated drivers with meal and rest breaks,

13  failed to timely and properly pay them all wages when due, and failed to provide them with proper

14  wage statements.  *Id.* at ¶¶ 6.a.-6.d, 17, 19-21, 22, 25-26, 32, 34, 42, 43, 49-50, 56-57, 61, 67-68,

15  70, 73-75, 80-81, 84.   To that end, Turnage's Complaint purports to allege the following nine

16  putative class action claims:

17        (1)      Failure to provide or pay for missed or non-compliant meal breaks in violation of
                   Cal. Lab. Code §§ 226.7, 512 and 1198;
18
19        (2)      Failure to provide or pay for missed or non-compliant rest breaks in violation of
                   Cal. Lab. Code §§ 226.7 and 1198;

20        (3)      Failure to pay minimum wages in violation of Cal. Lab. Code §§ 1194 and 1197;

21        (4)      Failure to timely pay wages in violation of Cal. Lab. Code §§ 201-204;

22        (5)      Failure to furnish accurate itemized wage statements in violation of Cal. Lab. Code
                   § 226(a);
23
24        (6)      Failure to provide and maintain accurate records in violation of Cal. Lab. Code §
                   226;

25        (7)      Failure to allow inspection of personnel file and records in violation of Cal. Lab.
                   Code § 1198.5;
26
27        (8)      Violation of the UCL, Cal. Bus. & Prof. Code § 17200 et seq.; and

28        (9)      Civil penalties under PAGA, Cal. Lab. Code § 2699 et seq.

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY
ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

*See* Exh. A (*Turnage* Compl.).  He seeks recovery of unpaid wages and "unpaid rest and/or meal breaks," wholly derivative penalties for inaccurate wage statements, failure to maintain accurate records, and late wage payments, as well as liquidated damages, injunctive relief, attorneys' fees and costs.  *Id.* at ¶¶ 6.e-6.g, 7, 34, 37, 44, 46, 53, 56-57, 63, 67, 70, 73-74, 76, 90, 96 & Prayer for Relief.  Turnage seeks to bring these claims on behalf of a putative class defined as follows:

> "All hourly non-exempt employees of [ODFL] employed as truck
> drivers in the State of California at any time since four years and
> thirty three (33) days from the filing of the Complaint." *Id.* at ¶ 13.a.

ODFL *removed* Turnage's action to this Court on **March 29, 2013**.  *See* Dkt. #1.  At that time, ODFL notified the Court and Turnage of the pending *Rodriguez* action in the Central District of California and of ODFL's intent to bring this motion.  *See* Exh. D (Notice of Pending Action).

**B.**   **THE FIRST-FILED *RODRIGUEZ* ACTION PENDING IN THE CENTRAL DISTRICT OF CALIFORNIA INVOLVING SUBSTANTIALLY SIMILAR ALLEGATIONS AND CLAIMS**

On **January 7, 2013**, just over *two weeks before Turnage commenced this action*, Marco Rodriguez, who is a former ODFL P&D truck driver like Turnage, filed a complaint against ODFL in the Los Angeles County Superior Court.  *See* Exh. B (*Rodriguez* Compl.).   In his Complaint, Rodriguez alleged that ODFL failed to provide legally compliant meal and rest breaks and sought meal and rest break premium payments pursuant to Cal. Lab. Code § 226.7.  Rodriguez's Complaint further alleged that ODFL failed to pay overtime wages in violation of Cal. Lab. Code §§ 201 and 510, failed to pay wages in a timely manner in violation of Cal. Labor Code § 204, failed to provide accurate itemized wage statements in violation of Cal. Lab. Code § 226, and that the foregoing are violations of the UCL.  The *Rodriguez* Complaint also alleged claims for retaliation, intentional infliction of emotional distress and defamation.  *See id.*  ODFL *removed Rodriguez* to the **Central District of California** on **February 7, 2013**, commencing Case No. 13-cv-891 DSF (RZx) therein, where it is now pending before the Hon. Dale S. Fischer.

Thereafter, Rodriguez filed his currently-operative FAC in the Central District action, which alleges the following claims, most of which are nearly identical to those being asserted by Turnage in this later-filed action:

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

(1)   *Violation of the UCL* based on alleged:

    (a)   Failure to pay *overtime*;

    (b)   Failure to provide *meal and rest periods*;

    (c)   Failure to *timely pay wages upon termination*; and

    (d)   Failure to provide *accurate, itemized wage statements*;

(2)   Violation of Cal. Lab. Code §§ 201-202 for *wages not timely paid upon termination*;

(3)   Violation of Cal. Labor Code § 226 for *non-compliant wage statements*;

(4)   Wrongful termination in violation of public policy;

(5)   Retaliation in violation of public policy;

(6)   Intentional infliction of emotional distress; and

(7)   Defamation.

*See* Exh. C (*Rodriguez* FAC).   Rodriguez seeks to bring the above-described wage and hour claims on behalf of a proposed class described as nearly identical to the class proposed in Turnage's Complaint in this action:

> "[a]ll current and/or former non-exempt employees that worked as a Pick-Up and Delivery driver for Defendants in California within four years prior to the filing of this Complaint."  *Id.* at ¶ 30.

Also like Turnage's Complaint, the *Rodriguez* FAC seeks restitution of missed meal and rest break payments, unpaid overtime wages, inaccurate wage statement penalties and waiting time penalties, as well as recovery of actual damages, statutory penalties, prejudgment interest, injunctive relief and attorneys' fees and costs.  *Id.* at ¶¶ 35-49, 56, 63 & Prayer for Relief at ¶¶ 4-19.

## III.   ARGUMENT

### A.   THIS CASE SHOULD BE TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA WHERE THE FIRST-FILED *RODRIGUEZ* ACTION IS PENDING, OR IT SHOULD BE DISMISSED OR STAYED, PURSUANT TO THE FIRST-TO-FILE RULE

#### 1.   Legal Standards Applicable To The First-To-File Rule

"The first-to file rule is 'a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties

4

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

and issues has already been filed in another district.'"  *Inherent.com v. Martindale-Hubbell*, 420 F.Supp.2d 1093, 1097 (N.D. Cal. 2006) (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982)).[1]  The purpose of this rule is to "avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments."  *Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979).  As "the purpose of the comity principle is of paramount importance … comity works most efficiently where previously-filed litigation is brought promptly to the attention of the district court, and the court defers."  *Id*.  Indeed, the Ninth Circuit has explained that it is "imperative to avoid concurrent litigation" because of "[i]ncreasing calendar congestion" in the federal courts.  *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).  Thus, "[a]bsent compelling circumstances that justify departure from the rule, the first-filing party should be permitted to proceed without concern about a conflicting order being issued in the later-filed action."  *Herman v. Yellowpages.com, LLC*, 2011 WL 1615174, *2 (S.D. Cal. Mar. 29, 2011).

Under the first-to-file rule, a district court may **transfer**, **dismiss** or **stay** the **later-filed action** if it determines that it would be in the interest of judicial economy and convenience of the parties.  *Pacesetter*, *supra*, 678 F.2d at 95.  The rule "promot[es] efficiency" and "should not be disregarded lightly."  *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (*quoting Church of Scientology*, 611 F.2d at 750).

Application of the first-to-file rule involves an analysis of three factors:  (1) **chronology of the two actions**; (2) **similarity of the parties**; and (3) **similarity of the issues**.  *Id*.  The two actions **need not be identical**.  Rather, **substantial similarity is all that is required** to transfer, dismiss or stay the later-filed action.  *See In re: TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL

---

[1] *See also Cedars-Sinai Medical Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997) ("When cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy.");  *Wright v. RBC Capital Markets Corp.*, 2010 WL 2599010, at *5 (E.D. Cal. June 24, 2010) ("Where duplicative actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction generally should proceed with the litigation.");  *Alioto v. Hoiles*, 2004 WL 2326367, *6 (N.D. Cal. Oct. 12, 2004) ("interests of justice and judicial economy favor not allowing two parallel actions to proceed in different federal districts.").

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

1399441, at *2 (N.D. Cal. Apr. 13, 2011) ("Exact parallelism between the two actions need not exist; it is enough if the parties and issues in the two actions are 'substantially similar.'") (quoting *Alioto*, 2004 WL 2326367 at *5).  If the **likelihood of substantial overlap exists**, then the court with "prior jurisdiction over the common subject matter should resolve all issues presented in related actions." *West Gulf Maritime Asso. v. ILA Deep Sea Local 24, etc.*, 751 F.2d 721, 730 (5th Cir. 1985) (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)).  *See also Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997) (noting that if cases overlap on the substantive issues, the cases should be consolidated in the jurisdiction "first seized" of the issues).  A party may only avoid application of the first-to-file rule by showing the presence of "compelling circumstances" that caution against the dismissal.  *See White v. Peco Foods, Inc.*, 546 F.Supp.2d 339, 342 (S.D. Miss. 2008), citing *Mann Mfg., Inc.*, 439 F.2d at 407.  As we discuss next, each of these factors compels application of the rule here.

### 2.  *Rodriguez* Is The First-Filed Action Vis-À-Vis This Later-Filed Action

The *Rodriguez* action was filed on January 7, 2013, and removed to the Central District of California on February 7, 2013.  Turnage did not file this action until over two weeks later, on January 22, 2013, and it was not removed to this Court until March 29, 2013 – almost two months after *Rodriguez* was removed.  Therefore, *Rodriguez* is the first-filed case *vis-à-vis* this action.

### 3.  The Parties Here Are Identical To The Parties In The *Rodriguez* Action

In both this action and the first-filed *Rodriguez* action, the named defendants are identical: ODFL is the lone defendant in both actions.

With regard to the plaintiffs, "[e]xact identity [between the parties] is not required to satisfy the first-to-file rule." *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F.Supp.2d 949, 959 n. 6 (N.D. Cal. 2008).  Rather, "[t]he rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Id.*  Thus, in putative class actions like those at issue here, it is the **proposed class**, **not** the **class representatives**, that is considered. *Weinstein v. Metlife, Inc.*, 2006 WL 3201045, at *4 (N.D. Cal. Nov. 6, 2006) (applying first-to-file rule where there was "no significant difference" between the two proposed classes); *Dist. Council 37 Health & Sec. Plan v.*

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

*McKesson Corp.*, 2006 WL 1305235, *1 (N.D. Cal. May 11, 2006) (later-filed action dismissed under first-to-file rule because although the named plaintiffs in the competing class actions were different, the classes were defined identically).  Indeed, the first-to-file rule applies in the class action context even where the proposed classes are not identical, but have **some significant overlap**.[2]

This first-to-file rule factor compels its application here because Turnage's case involves the **exact same putative class** as that proposed in *Rodriguez*.  In both actions, Turnage and Rodriguez seek to represent current and former ODFL drivers who are or were employed by ODFL in California during the same time period:

| *Rodriguez* Proposed Class | *Turnage* Proposed Class |
|---|---|
| "All current and/or former non-exempt employees that worked as a Pick-Up and Delivery driver for Defendants in California within four years prior to the filing of this Complaint."<br><br>(Exh. C [*Rodriguez* FAC], ¶ 30) | "All hourly non-exempt employees of OLD DOMINION employed as truck drivers in the State of California at any time since four years and thirty three (33) days from the filing of the Complaint."<br><br>(Exh. A [*Turnage* Compl.], ¶ 13.a) |

Thus, Turnage's proposed class in this action is already *wholly subsumed* in the *Rodriguez* proposed class, or, at a minimum, there is *significant overlap* between their respective proposed classes.  Accordingly, this factor is satisfied as well.

_____

[2]  *See, e.g.,  In re: TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 1399441 at *3-4 (parties in first-filed consumer class action and second-filed *parens patriae* action filed by states on behalf of individual consumers were substantially similar); *Medlock v. HMS Host USA, Inc.*, 2010 WL 5232990, at *4-7 (E.D. Cal. Dec. 16, 2010) (applying first-to-file rule where first-filed class action would resolve the claims of most class members in the second-filed action); *Chieftain Royalty Co. v. XTO Energy, Inc.*, 2011 WL 1533073, at *2 (E.D. Okla. Apr. 22, 2011) ("[T]he parties are similar as XTO is the lone defendant in both actions and the putative class concerning the Oklahoma wells in this case is included in the Roderick putative class, i.e., this action is a complete subset of the Roderick action."); *Hanlon v. Takeda Pharms. N. Am., Inc.*, 2011 WL 1430333, at *14-15 (N.D. Ohio Apr. 14, 2011) ("[T]he Plaintiffs in the instant action, all Personal Sales Representatives employed by Defendant since September 1, 2007 make up part of the class designated in the Jones suit. . . .  Although not identical, the parties involved in the Jones case represent a larger collection of both plaintiffs and defendants broad enough to cover the parties involved in the instant action and are therefore similar for purposes of the first-to-file rule.").

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

**4.    The Issues In This Case Are Substantially Identical To Those In The First-Filed *Rodriguez* Action**

Issues, like parties, *need only be substantially similar* for the first-to-file rule to apply.[3] Notwithstanding, the causes of action alleged in both this action and in the first-filed *Rodriguez* action are nearly identical:

| | *Rodriguez* FAC Cause of Action [Exh. C] | | Identical or Substantially Similar *Turnage* Complaint Cause(s) of Action [Exh. A] |
|---|---|---|---|
| 1 | **Violation of Bus. & Prof. Code § 17200 – Based on Violations of:**<br><br>• ***Overtime Pay* Requirements**<br><br>• ***Meal & Rest Break* Requirements**<br><br>• ***Timely Terminal Pay* Requirements**<br><br>• ***Accurate Wage Statement* Requirements**<br><br>(¶¶ 35-43 & Prayer ¶¶ 4-5) | 1 | **Failure to Provide Mandated Meal Periods (¶¶ 30-34 & Prayer ¶¶ A-B, I)** |
| | | 2 | **Failure to Provide Mandated Rest Periods (¶¶ 39-43 & Prayer ¶¶ A-B, I)** |
| | | 3 | **Failure to Pay Regular and Minimum [and Overtime] Wages (¶¶ 48-52 & Prayer ¶¶ A, G, H)** |
| | | 8 | **Violation of Bus. & Prof. Code § 17200 – Based on Violations of *Regular & Overtime Pay, Meal & Rest Break, Timely Regular & Terminal Pay*, and *Accurate Wage Statement* Requirements (¶¶ 83-88 & Prayer ¶¶ E-F)** |
| | | 9 | **PAGA Penalties – Based on Violations of *Regular & Overtime Pay, Meal & Rest Break, Timely Regular & Terminal Pay*, and *Accurate Wage Statement* Requirements (¶¶ 92-96 & Prayer ¶¶ C, I)** |
| 2 | **Violation of Lab. Code §§ 201 & 202 [Terminal Wages Not Timely Paid] (¶¶ 51-56 & Prayer ¶¶ 10-12)** | 4 | **Failure to Pay Wages and On A Timely Basis (¶¶ 55-61 & Prayer ¶¶ A-B)** |

---

[3] *See Pacesetter Sys., Inc.*, 678 F.2d at 95-96 ("The two actions differ only as to the remedy sought, and we therefore conclude the first to file rule is applicable."); *Chieftain Royalty Co.*, 2011 WL 1533073, at *2 ("While the theories of recovery asserted in the cases do not mirror each other, the underlying claims nonetheless arise out of the same alleged improper actions by XTO; consequently, there is a substantial similarity of the issues at stake."); *Jumapao v. Wash. Mut. Bank*, 2007 WL 4258636, *2-3 (S.D. Cal. Nov. 29, 2007) (applying first-to-file rule where claims involved "substantially similar issues"); *Peak v. Green Tree Fin. Servicing Corp.*, 2000 WL 973685, *2 (N.D. Cal. July 7, 2000) (applying first-to-file rule where the "alleged offending behavior … is the same in both cases" and the "claims for relief are nearly identical").

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

| 3 | Violation of Lab. Code § 226(a) [Inaccurate Wage Statements] (¶¶ 58-64 & Prayer ¶¶ 15-18) | 5 | Failure to Provide and Maintain Accurate Itemized Wage Statements and Records (¶¶ 65-70 & Prayer ¶¶ B, E, G) |
|---|---|---|---|
| *ADDITIONAL NON-IDENTICAL OR DISSIMILAR CLAIMS* | | | |
| 4 | Wrongful Termination in Violation of Public Policy (¶¶ 66-78 & Prayer ¶¶ 20-26) | 6 | Failure to Record and Maintain Accurate Records (¶¶ 72-75 & Prayer ¶ E, G) |
| 5 | Retaliation in Violation of Public Policy (¶¶ 80-84 & Prayer ¶¶ 20-26) | 7 | Failure to Allow Inspection of Personnel File and Records (¶¶ 77-81 & Prayer ¶¶ B, E, G) |
| 6 | Intentional Infliction of Emotional distress (¶¶ 86-89 & Prayer ¶¶ 20-26) | | |
| 7 | Defamation (¶¶ 91-98 & Prayer ¶¶ 20-26) | | |

Likewise, from a putative class action standpoint, *all* of the "common questions" alleged to warrant class certification in the *Rodriguez* FAC have nearly identical parallel allegations in Turnage's Complaint in this action:

| | *Rodriguez* FAC<br>Common Questions Allegations<br>[Exh. C] | | Parallel *Turnage* Complaint<br>Allegations<br>[Exh. A] |
|---|---|---|---|
| 1 | "Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful" (¶ 34(a)) | 1 | "Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff and Represented Employees for all wages earned and all hours worked at least minimum wage." (¶ 50) |
| 2 | "Whether Defendants' timekeeping system and policies failed to record all hours worked by Plaintiff and Class members" (34(b)) | 2 | "Defendants have intentionally and knowingly failed to provide to Plaintiff and members of Class, the above-described writing required by Labor Code § 226(a) and the 'Records' section of 9-2001 Wage Order, including but not limited to its knowing and intentional failure to record all regular and overtime worked, regular and overtime wages earned, all meal and rest premium wages earned, all wages earned including minimum, overtime, and regular wages, which resulted in inaccurate wage statements." (¶ 67) |
| 3 | "Whether Defendants owe Plaintiff and Class members overtime pay for work over eight hours per day, over 12 hours per day, and/or over forty 40 hours per week" (¶ 34(c)) | 3 | "Plaintiff and the Represented Employees did not receive minimum, overtime and regular wages during their employment and at the time of termination, as applicable." (¶ 55) |

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

| | | | |
|---|---|---|---|
| **4** | "Whether Defendants deprived Plaintiff and Class members of meal periods or required Plaintiff and Class members to work during meal periods without compensation" (¶ 34(d)) | **4** | "Defendants … failed to provide a 30-minute uninterrupted, duty-free meal period by the end of the fifth hour of work to Plaintiff and Represented Employees during the time period each employee worked more than five hours in a workday. Likewise, Defendants further violated these sections when it failed to provide the Plaintiff and Represented Employees with two 30-minute duty-free meal periods for each workday that was in excess of 10 hours to extent this occurred." (¶ 32) |
| **5** | "Whether Defendants deprived Plaintiff and Class members of rest periods or required Plaintiff and Class members to work during rest periods without compensation" (¶ 34(e)) | **5** | "Defendants … failed to authorize and permit full 10-minute, uninterrupted, duty-free rest periods for every four hours worked (or major fraction thereof) to Plaintiff and the Represented Employees during the time period each employee worked for Defendants." (¶ 32) |
| **6** | "Whether Defendants' conduct was willful or reckless" (¶ 34(f)) | **6** | "Defendants' act or omissions in failing to provide the meal periods and the wages set forth in Section 226.7 are not in good faith." (¶ 32) |
| **7** | "Whether Defendants violated Labor Code § 226 by failing to timely furnish Plaintiff and Class members with accurate wage statements" (¶ 34(g)) | **7** | "Defendants have intentionally and knowingly failed to provide to Plaintiff and members of Class, the above-described writing required by Labor Code § 226(a) and the 'Records' section of 9-2001 Wage Order, including but not limited to its knowing and intentional failure to record all regular and overtime worked, regular and overtime wages earned, all meal and rest premium wages earned, all wages earned including minimum, overtime, and regular :wages, which resulted in inaccurate wage statements." (¶ 67) |
| **8** | "Whether Defendants failed to timely pay all wages due to Plaintiff and Class members upon their discharge or resignation" (¶ 34(h)) | **8** | "Plaintiff … and Represented Employees whose employment have ended did not receive all wages due and owing by the times set forth by Labor Code §§ 201 and 202 as applicable." (¶ 57) |
| **9** | "Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code § 17200, et seq." (¶ 34(i)) | **9** | "Defendants have engaged in … acts of unlawful, deceptive, and unfair business practices prohibited by California Business and Professions Code § 17200 *et seq.*, including those set forth in the preceding paragraph thereby depriving Plaintiff the minimum working condition standards and conditions due including those under California Labor Code §§ 201 , 202, 203, |

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

| | | | |
|---|---|---|---|
| | | | 204(a), 204(b), 210, 218.5, 218.6, 223, 225.5, 226, 226(a), 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 24 1197, 1198, 2699 *et seq.,* and other provisions of the California Labor Code and Wage Order of the Industrial Welfare Commission including the 'Records' section of Wage Order 9-2001." (¶ 84) |
| 10 | "The appropriate amount of damages, restitution, or monetary penalties resulting from. Defendants' violations of California law" (¶ 34(i)) | 10 | "A.    For all unpaid wages including regular wages, overtime wages, meal premium wages, rest premium wages, overtime wages, minimum wages and any other unpaid wages to the extent applicable by law;" <br><br> "B.    For statutory penalties including waiting time penalties under Labor Code § 203 and penalties under § 226 of the Labor Code to the extent applicable by law;" (Prayer ¶¶ A-B) |

In sum, the allegations in both cases are nearly identical.  Both cases challenge ODFL's purported overtime practices and contain allegations that ODFL failed to pay overtime wages,[4] and they make the same allegations that ODFL failed to provide legally-complaint meal and rest breaks or otherwise pay for non-compliant meal and rest breaks.[5]  Indeed, Turnage's theory of recovery is identical to Rodriguez's in that they both allege that they were prevented from taking legally compliant meal and rest breaks because ODFL's "policies and procedures" required them and other drivers to remain on-duty during their meal breaks and did not authorized them to take

---

[4] *See* Exh. A (*Turnage* Compl.) at ¶ 6.c. (ODFL "has increased its profits by violating state wage and hour laws by, among other things: [¶] … Failing to pay all regular and all overtime wages"); Exh. C (*Rodriguez* FAC) at ¶ 40 (ODFL "fail[ed] to pay overtime compensation and other benefits for hours worked in excess of forty (40) hours per week").

[5] *See* Exh. A (*Turnage* Compl.) at ¶ 19 ("Defendant has not provided meal periods, compliant under California law, to Plaintiff and other similarly-situated and aggrieved non-exempt employees."), ¶ 21 ("Defendant failed to properly authorize and permit compliant rest periods to Plaintiff or to other similarly-situated and aggrieved employees…."), ¶ 22 ("Plaintiff and other similarly-situated and aggrieved non-exempt employees have not received any meal period or rest period premium wages as a result of Defendant's failure to provide proper meal periods or rest periods in compliance with California law."); Exh. C (*Rodriguez* FAC) at ¶ 17 ("Plaintiff and Class members were not authorized or permitted unlawful meal periods, and were not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders."), ¶ 18 ("Plaintiff and Class members were not authorized or permitted lawful rest breaks, and were not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code § 226.7 and applicable IWC Wage Orders.").

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

*any* rest breaks throughout the day.[6]   Further, both allege claims for failure to provide accurate

itemized wage statements and failure to timely pay final wages that are wholly-derivative of and

dependent upon their allegations that ODFL failed to provide meal and rest breaks and pay for

overtime hours worked.[7]   Additionally, both assert claims for UCL violations based on allegations

that ODFL's above-described wage and hour violations constitute unlawful business practices, and

seek restitution of the same unpaid wages and related penalties, as well as injunctive and

declaratory relief.[8]   Therefore, the *Rodriguez* FAC and Turnage's Complaint allege **identical**

**claims** that raise **substantially identical issues** on behalf of **identical or substantially overlapping**

**proposed classes**, with the exception of a few unmatched claims.[9]

---

[6] *See* <u>Exh. A</u> (*Turnage* Compl.) at ¶ 19 ("Due to the policies and procedures implemented by Defendant, Plaintiff was often forced to eat his meals while driving his vehicle."), ¶ 21 ("Defendant failed to properly authorize and permit compliant rest periods to Plaintiff or to other similarly situated and aggrieved employees…."); <u>Exh. C</u> (*Rodriguez* FAC) at ¶ 17 ("Meal periods were not scheduled, and Defendants failed to properly record Plaintiff and Class members' meal periods" and "Plaintiff and Class members were not authorized or permitted lawful rest periods.").

[7] *See* <u>Exh. A</u> (*Turnage* Compl.) at ¶ 67 (alleging that ODFL "fail[ed] to record all regular and overtime worked, regular and overtime wages earned, meal and rest premium wages earned, all wages earned including minimum, overtime, and regular wages, which resulted in inaccurate wage statements"), ¶ 57 ("Plaintiff TURNAGE and Represented Employees whose employment have ended did not receive all wages due and owing by the times set forth by Labor Code § 201 and 202 as applicable.  Defendants willfully and knowingly withheld these wages including but not limited to overtime, minimum wage, regular wage, and meal and rest premiums."); <u>Exh. C</u> (*Rodriguez* FAC) at ¶ 53 ("The final paychecks did not include all wages owed to Plaintiff and Class members, including all overtime pay and meal period and rest break premium pay."), ¶ 59 ("Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to correctly identify the total hours worked and the gross wages earned by Plaintiff and Class members; and the overtime hours worked by Plaintiff and Class members.").

[8] *See* <u>Exh. A</u> (*Turnage* Compl.) at ¶ 83 ("Defendants have engaged in unfair business practices in California by practicing, employing, and utilizing, the employment practices outlined in the preceding paragraphs"); <u>Exh. C</u> (*Rodriguez* FAC) at ¶ 40 ("Defendants' failure to pay overtime compensation and other benefits … constitutes unlawful and/or unfair activity prohibited by [the UCL."), ¶ 41 ("Defendants' failure to provide legally required meal and rest breaks in violation of the Labor Code … constitutes unlawful and/or unfair activity prohibited by [the UCL]."), ¶ 42 ("Defendants' failure to timely pay wages upon termination … constitutes unlawful and/or unfair activity prohibited by [the UCL]"), ¶ 43 ("Defendants' failure to provide accurate itemized wage statements … constitutes unlawful and/or unfair activity prohibited by [the UCL].").

[9] The existence of a few unmatched claims in each case does not impact the applicability of the first-to-file rule here.  In *Medlock, supra,* the court held that a plaintiff who raised "limited, additional" claims for late payment of final wages and unpaid minimum wages in a second-filed

---

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

Thus, all three first-to-file rule factors are satisfied here.[10]   Accordingly, because *Rodriguez* is the first-filed action, this case should be transferred to the Central District of California where that action is pending, or this action should be dismissed or stayed, pursuant to the first-to-file rule.  *See Medlock*, *supra*, 2010 WL 5232990, at *7 ("Under the first-to-file rule, 'the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy.'") (quoting *Cedars-Sinai Medical*, 125 F.3d at 769).  Indeed, there is no benefit to litigating Turnage's action in this Court when the first-filed *Rodriguez* action encompasses the same parties and substantially the same issues.

## B.   TRANSFER ALSO IS WARRANTED PURSUANT TO 28 U.S.C. § 1404(a)

Consistent with the "first-to-file" rule, transfer of this action to the Central District of California, where the identical or substantially similar first-filed *Rodriguez* action is pending, is also appropriate in the "interest of justice" under 28 U.S.C. § 1404(a) ("Section 1404(a)").

### 1.   Legal Standards Applicable To Transfers Under Section 1404(a)

Pursuant to Section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Turner v. Harrah's New Orleans Hotel & Casino*, 2011 WL 1666925, *4 (C.D. Cal. Apr. 7, 2011).  Much like the first-to-file rule, the purpose of Section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964), *superseded by statute on other grounds as stated in Bruce Lee Enters., LLC v. Ecko*

---

action failed to establish that her other claims were not substantially similar to those in the first-filed action where, as here, both cases complained of the same conduct:  "whether the Defendants have properly paid their California non-exempt employees."  2010 WL 5232990, at *6.

[10]  *See Herman v. Yellowpages.com*, 2011 WL 1615174, at *3 (noting that "the cases and parties need not be completely identical as long as there is substantial overlap" and holding that causes of action, although brought under different state's laws, are still properly considered substantially similar); *Fossum v. Northwestern Mut. Life Ins. Co.*, 2010 U.S. Dist. LEXIS 99904, *6 (N.D. Cal. Sept. 16, 2010) ("The fact that Lint seeks overtime and minimum wages while Fossum seeks unreimbursed business expenses does not defeat a finding of substantial similarity. Exact parallelism between the two actions need not exist; it is enough if the parties and issues in the two actions are substantially similar.") (internal quotation marks omitted).

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

1  *Complex, LLC*, 2010 WL 989909, *2-3 (S.D. Ind. Mar. 16, 2010).  The overarching consideration

2  in the Section 1404(a) transfer analysis is always the "interests of justice."  *Williams v. Bowman*,

3  157 F.Supp.2d 1103, 1105 (N.D. Cal. 2001).  In conducting that analysis, a district court may

4  consider the following factors in deciding whether to grant a motion to transfer venue under

5  Section 1404(a):

6      (1)    the plaintiff's choice of forum;

7      (2)    the convenience of the parties and witnesses;

8      (3)    the ease of access to sources of proof;

9      (4)    familiarity of each forum with the applicable law (which is neutral in the analysis

10          where, as here, the law of the transferor or transferee venue are identical);

11      (5)    feasibility of consolidation with other claims;

12      (6)    local interest in the controversy; and

13      (7)    relative court congestion.

14  *See Williams*, *supra*, 157 F.Supp.2d at 1106.

15        As we discuss below, all of these factors either militate in favor of transfer or, at worst, are

16  neutral.  Thus, transferring this action to the Central District of California where the first-filed

17  *Rodriguez* action is pending would further the interests of justice and would avoid the

18  inconvenience and expense arising from the prosecution of duplicative class actions in different

19  districts.

20          **2.**    ***Turnage* Could Have Brought This Action In The Central District Of**

21              **California, Where ODFL Is Subject To Its Personal Jurisdiction And Which Is A Proper Venue For This Action**

22        Under Section 1404(a), a district court can transfer any civil action to "any other district or

23  division where it might have been brought."  28 U.S.C. § 1404(a).  Absent the consent of all

24  parties to transfer, it must be shown that the proposed transferee court is one in which the action

25  could have been commenced originally.  *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960),

26  *superseded by statute on other grounds as stated in Guzzetti v. Citrix Online Holdings Gmbh*,

27  2013 WL 124127, *3 n. 2 (D. Del. Jan. 3, 2013).  Courts in this district have held that "[t]he

28  original action could have been brought in another forum if [(1)] that district had personal

1   jurisdiction over the defendant and [(2)] venue was proper."   *Ward v. Fluor Enters.*, 2011 WL

2   778720, *2 (N.D. Cal. Mar. 1, 2011) (citing *Urscheler v. Blenheim NDN, Inc.*, 1995 WL 566017,

3   at *2 (N.D. Cal. 1995)).

4   **Personal Jurisdiction:**   Neither party disputes that ODFL is subject to personal

5   jurisdiction in California with respect to the claims alleged in this action (as is demonstrated by

6   this action and the first-filed *Rodriguez* action).   Indeed, as alleged by both Turnage and

7   Rodriguez, ODFL does business throughout California, so it is subject to personal jurisdiction in

8   this state.

9   **Venue:**   "In an action where jurisdiction is founded on diversity of citizenship, venue is

10   generally proper in a district where any defendant resides."   *Temple v. Guardsmark LLC*, 2009

11   WL 2997396, *2 (N.D. Cal. Sept. 16, 2009) (citing 28 U.S.C. § 1391(a)).   "[A] defendant that is a

12   corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction

13   at the time the action is commenced." *Id.* (quoting 28 U.S.C. § 1391(c)).   As just discussed, ODFL

14   is subject to personal jurisdiction in California.   Therefore, venue for this action is proper in the

15   Central District of California on that basis.

16   Moreover, Turnage seeks to bring this action on behalf of a *statewide* class of current and

17   former ODFL drivers employed throughout California, alleging that "[t]he unlawful acts alleged

18   herein … have a direct effect on Plaintiff and those similarly situated within the State of California

19   …." *See* Exh. A (*Turnage* Compl.) at ¶ 12.   To that end, the proposed class in the first-filed

20   *Rodriguez* action completely overlaps with Turnage's proposed class of ODFL drivers in this

21   action.   Therefore, venue would be proper in the Central District of California on this basis as

22   well. *See Temple*, 2009 WL 2997396, at *2 (holding that venue would be proper in any district

23   court in California where the plaintiff brought a class action on behalf of security guards employed

24   throughout California).

25   **3.      The Interests Of Justice Favor Transfer**

26   Once venue is determined to be proper in the proposed transferee district, the Section

27   1404(a) analysis turns to considering various factors to evaluate whether a transfer of venue would

28   promote the interests of justice. *Id.* at *6-*7.   To that end, "[t]he interests of justice consideration

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY
ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

is the most important factor a court must consider" in the transfer analysis. *Wiley v. Trendwest Resorts, Inc.*, 2005 WL 1910934, *3 (N.D. Cal. Aug. 9, 2005). *See also* 15 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3854 (3d ed. 2010) (noting that the "interest of justice" factor often is "decisive – outweighing the other statutory factors – in ruling on a change of venue motion even though the convenience of the parties and witnesses pointed in a different direction"). Indeed, "[t]he question of which forum will better serve the interest of justice is of ***predominant importance*** on the question of transfer, and the factors involving convenience of parties and witnesses are in fact subordinate." *Callaway Golf Co. v. Corporate Trade, Inc.*, 2010 WL 743829, *7 (S.D. Cal. Mar. 1, 2010) (citation omitted) (emph. added).

"An important consideration in determining whether the interests of justice dictate a transfer of venue is the pendency of a related case in the transferee forum." *In re Ferrero Litig.*, 768 F.Supp.2d 1074, 1081 (S.D. Cal. 2011). *See also Wiley*, *supra*, 2005 WL 1910934, *3 ("In evaluating the 'interests of justice,' the pendency of related actions in the proposed transferee forum is a ***highly persuasive factor***.") (emph. added). "[T]he pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *Id.* (quotations and citation omitted). Indeed, "[l]itigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoids duplicitous [*sic*] litigation and inconsistent results." *Id.* (quoting *Durham Productions, Inc. v. Sterling Film Portfolio, Ltd., Series A*, 537 F.Supp. 1241, 1243 (S.D.N.Y. 1982)).[11] In fact, the possibility of inconsistent judgments "is ***particularly worrisome*** in the context of a ***class action*** where *failure to consolidate could also muddle the issue of which plaintiffs are part of the class*." *Wells*, *supra*, 2006 WL 2792432, at *3 (emph. added).

As we have discussed above, the first-filed and nearly identical *Rodriguez* putative class

---

[11] *See also Callaway Golf Co.*, 2010 WL 743829, at *7 ("[C]entralizing the adjudication of similar cases will also avoid the possibility of inconsistent judgments."); *Wells v. Cingular Wireless LLC*, 2006 WL 2792432, *3 (N.D. Cal. Sept. 27, 2006) ("[T]ransfer [of] this action to allow consolidation with the Jones action will avoid the possibility of inconsistent legal results on identical claims against Cingular.").

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

action is pending in the Central District of California.  Both this case and the *Rodriguez* action involve overlapping putative classes, identical causes of action, substantially similar issues and seek substantially the same relief.  Therefore, the "interests of justice" weigh ***entirely*** in favor of transferring this action, and that alone is sufficient to justify transferring this action to the Central District of California.  *See Wiley*, *supra*, 2005 WL 1910934, at *3 ("***The interests of justice consideration . . . may be decisive in a transfer motion even when all other factors point the other way***.") (emph. added); 15 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3854 (3d ed. 2010).  Notwithstanding, as we discuss next, the other factors often considered by courts when deciding a transfer motion under Section 1404(a) either weigh in favor of transfer or, at worst, are neutral.

### 4.     The Remaining Section 1404(a) Factors Favor Transfer Or Are Neutral

#### a.     Factor 1:  Plaintiff's Choice Of Forum Is A Neutral Factor

"Although great weight is generally accorded plaintiff's choice of forum, when [as here,] an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (citations omitted).  *See also Georgouses v. Natec Resources*, 963 F.Supp. 728, 730 (N.D. Ill. 1997) ("*[B]ecause plaintiff alleges a class action, plaintiff's home forum is irrelevant*.") (emph. added); *IBJ Schroder Bank & Trust Co. v. Mellon Bank, N.A.*, 730 F.Supp. 1278, 1282 (S.D.N.Y. 1990) ("In shareholder derivative suits and other similar types of class actions, the accidental residence of the named plaintiff is discounted in weighing the transfer factors.").  Since Turnage purports to bring a class action on behalf of a statewide class and the proposed transferee district is also within the state of California, Turnage's choice of forum should be entitled to no weight.  Therefore, this factor is not particularly relevant to the transfer analysis.

#### b.     Factor 2:  The Convenience Of The Parties And Witnesses Favors Transfer

In addition to considering a plaintiff's choice of forum, courts take into account the relative convenience of the parties and witnesses. *Ctr. for Food Safety v. Vilsack*, 2011 WL 996343, *7

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

(N.D. Cal.  Mar. 17, 2011).

Here, the minimal inconvenience that would result to Plaintiff if this action is transferred is greatly outweighed by the inconvenience and injustice that would result to ODFL if this case is not transferred.  As we discussed above, the first-filed *Rodriguez* putative class action lawsuit is already pending against ODFL, in the Central District of California alleging substantially the same claims as Turnage alleges in this action, and Turnage himself already was a putative class member in the *Rodriguez* action *before* his filing this action.  Forcing an out-of-state defendant like ODFL to defend two separate but substantially similar (if not identical) lawsuits in two different districts in California when Plaintiff is already being represented in both actions regardless of the venue tips the convenience balance largely in favor of transfer.

Likewise, the relative convenience of the witnesses also favors transfer.  Because Turnage purports to bring a putative class action lawsuit on behalf of all former and current ODFL drivers who worked in California in the last four years, the proposed class member witnesses can potentially be found anywhere in California where ODFL's current or former drivers work or last worked.  In fact, the ***overwhelming majority*** of ODFL drivers in Turnage's proposed class work or last worked at ODFL service centers that are located within the **Central District of California**:

| **Judicial District** | **Drivers** | **Service Centers** |
|---|---|---|
| Central District | 204 | Long Beach, Los Angeles, Orange, Oxnard, Rialto |
| Northern District | 62 | San Francisco, San Jose |
| Southern District | 55 | San Diego |
| Eastern District | 20 | Bakersfield, Chico, Fresno, Modesto, Sacramento, Stockton |

*See* Declaration of Bill Tittsworth, ¶¶ 3.a.-3.b.  Therefore, the greatest concentration of ODFL drivers in the proposed class is in the Central District of California (by a multiple of almost 4:1), and in Southern California in general.  Meanwhile, ODFL's employees who created and implemented the policies and practices that are being challenged in this litigation are located at its

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY
ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

corporate headquarters in Thomasville, North Carolina.  *See* Notice of Removal at ¶ 10 [Dkt. #1].  Based on the foregoing, this factor weighs in favor of transfer.

### c. Factor 3: The Ease Of Access To Sources Of Proof Is A Neutral Factor

This factor is neutral inasmuch as relevant documentary evidence can be found and/or made available anywhere in California.  Indeed, ODFL's documentary evidence, including that specific to Turnage's employment, can easily be made available in the Central District of California.  Moreover, given that the overwhelming majority of putative class members are located in the Central District of California, their employment records and other documentary evidence specific to their respective claims is already being maintained and available, in whole or in part, in the Central District of California.  Therefore, this factor is at worst neutral and does not weigh against transfer.  *Ctr. for Food Safety*, 2011 WL 996343, at *7 (finding this factor "neutral" where the documentary evidence "can be made available anywhere by CD-ROM").

### d. Factor 4: The Familiarity Of Each Forum With The Applicable Law Is A Neutral Factor

This factor is irrelevant where, as here, the law of the transferor and transferee districts is identical.  Thus, either district is equally competent to address all of the claims in this action brought under California law.  *Allstar Mktg. Group, LLC v. Your Store Online, Inc.*, 666 F.Supp.2d 1109, 1133 (C.D. Cal. 2009).  Therefore, this factor is neutral with respect to transfer.

### e. Factor 5: The Feasibility Of Consolidation With Other Claims Favors Transfer

"The feasibility of consolidation is a significant factor in a transfer decision." *A.J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 503 F.2d 384, 386-87 (9th Cir. 1974) (citations omitted).  "Indeed, the Supreme Court and the Ninth Circuit have long recognized that '[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.'"  *Mussetter Distrib. v. DBI Bev. Inc.*, 2009 WL 1992356, *4 (E.D. Cal. July 8, 2009) (internal quotation marks omitted); *Jolly v. Purdue Pharma L.P.*, 2005 WL 2439197, *2

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

1 (S.D. Cal. Sept. 27, 2005) ("Litigation of related claims in the same tribunal is strongly favored

2 because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and

3 avoids duplic[ative] litigation and inconsistent results.").

4        Here, the first-filed *Rodriguez* action pending in the Central District of California is a

5 related case involving the same parties and substantially the same (if not identical) claims based

6 on identical sets of facts as those alleged in this action.  Therefore, this case and the *Rodriguez*

7 action can and should be consolidated, and this factor weighs heavily in favor of transfer.  *See*

8 *Curry v. Hansen Med., Inc.*, 2010 WL 702432, *1 (N.D. Cal. Feb. 25, 2010) (holding that actions

9 involving a common question of law or fact may be consolidated and that the court may make

10 orders concerning the consolidated proceedings to avoid unnecessary costs or delay).  Moreover,

11 permitting this case to proceed as a second, separate action when the claims could be decided by

12 the outcome of the *Rodriguez* action would be wasteful and undermine the purpose and goals of

13 Section 1404(a).  Accordingly, this factor weighs heavily in favor of transfer.

14              **f.    Factor 6:  The Local Interest In The Controversy Is A Neutral**
                       **Factor**

15

16        This factor is also neutral because Plaintiff seeks to represent a statewide class of former

17 and current employees who are putative members of the *Rodriguez* proposed class.  Therefore, the

18 interest in the controversy is not specific to any one particular district court.  Because the interest in

19 the controversy is shared across the State of California, this factor is neutral.

20              **g.    Factor 7:  The Relative Docket Congestion Favors Transfer**

21        The relative docket congestion of the competing districts is also relevant to the Court's

22 decision on whether to transfer, but this factor generally is not decisive.  *See Foster v. Litton*

23 *Industries, Inc.*, 431 F.Supp. 86, 88 (S.D.N.Y. 1977) (relative docket conditions accorded some,

24 but not decisive, weight in transfer motions).  This factor examines "whether a trial may be

25 speedier in another court because of its less crowded docket."  *Ctr. for Food Safety*, *supra*, 2011

26 WL 996343, at *8 (quoting *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984)).

27 To measure congestion, courts compare the two district's "median time from filing to disposition

28 or trial."  *Costco Wholesale Corp. v. Liberty Mutual Ins. Co.*, 472 F.Supp.2d 1183, 1196 (S.D. Cal.

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY**
**ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

1   2007).

2         Such a comparison reveals that the Central District of California has a faster time to

3   disposition than this district.  In the Northern District of California, the average period between

4   filing and disposition in civil cases is 7.3 months, and the average period between filing and trial is

5   27.7 months.  *See* Judicial Caseload Profile, *available at* http://www.uscourts.gov/uscourts/

6   Statistics/FederalJudicialCaseloadStatistics/2012/tables/C05Mar12.pdf (last viewed May 6, 2013).

7   By comparison, in the Central District of California, the average period between filing and

8   disposition is ***less*** than this district at 5.3 months and the average period between filing and trial is

9   also ***shorter*** than this district at 19.5 months.  *Id.*  Accordingly, the Central District of California is

10  the least congested.  *See Ctr. for Food Safety*, *supra*, 2011 WL 996343, at *8 (granting transfer on

11  grounds that transferee district had shorter time from filing to disposition, "which is the more

12  relevant indicator of court congestion for this action").  Therefore, the relative docket conditions

13  favor transfer to the Central District of California.

14        In sum, the balance of factors shows that transfer of this case to the Central District of

15  California pursuant to Section 1404(a) would further the interests of justice, avoid the

16  inconvenience and expense arising from the prosecution of duplicative class actions, and eliminate

17  the risk of inconsistent judgments.  Accordingly, this case should be transferred to the Central

18  District of California pursuant to Section 1404(a).

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

47790205.4

21

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

1  **IV.     CONCLUSION**

2         For all of the foregoing reasons, ODFL respectfully requests that the Court transfer this

3  action to the Central District of California where the first-filed and nearly identical *Rodriguez*

4  putative class action is pending pursuant to the first-to-file rule and/or 28 U.S.C. § 1404(a).

5  Alternatively, if the Court decides that transfer is not appropriate, ODFL requests that the Court

6  dismiss or stay this later-filed action pursuant to the first-to-file rule.

7

8  DATED: May 8, 2013                    **McGuireWoods LLP**

9

10                                        By:  _____s / Matthew C. Kane_____

11                                              Matthew C. Kane, Esq.
                                               Sabrina A. Beldner, Esq.
                                               Sabrina A. Beldner, Esq.

12                                              Sylvia J. Kim, Esq.

13                                         Attorneys for Defendant
                                          OLD DOMINION FREIGHT LINE, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

47790205.4
                                              22
**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY
ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

## DECLARATION OF MATTHEW C. KANE

1.      I am an attorney duly admitted to practice before this Court.  I am a partner with McGuireWoods LLP, attorneys of record for Defendant Old Dominion Freight Line, Inc. ("ODFL" or "Defendant") in the above-captioned action.  I am over 18 years of age and, if called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

2.      I make this declaration in support of ODFL's foregoing Motion to Transfer, Dismiss or Stay Action Pursuant to First-to-File Rule and/or 28 U.S.C. § 1404.

3.      Attached hereto as Exhibit A is a true and correct copy of Plaintiff's operative Complaint in this action [Dkt. #1, Exh. A thereto].

4.      I am counsel of record for ODFL in a putative wage and hour class action that was filed against it by Marco Rodriguez.  That case, entitled *Marco Rodriguez v. Old Dominion Freight Line, Inc.*, was originally filed against ODFL on January 7, 2013 in the Los Angeles County Superior Court, Case No BC498694 therein, and ODFL subsequently removed the case to the United States District Court for the Central District of California on February 7, 2013 where it was assigned Case No. 13-cv-891 DSF (RZx) ("*Rodriguez*") and is now pending, assigned to the Hon. Dale S. Fischer.  In that capacity, I am personally involved with and have personal knowledge of the pleadings in the *Rodriguez* action.

5.      Attached hereto as Exhibit B is a true and correct copy of the state court complaint filed in the *Rodriguez* action on January 7, 2013.

6.      Attached hereto as Exhibit C is a true and correct copy of the First Amended Complaint filed in the *Rodriguez* action on April 24, 2013.

7.      Attached hereto as Exhibit D is a true and correct copy of ODFL's Notice of Pendency of Other Action or Proceedings filed in this action pursuant to N.D. Local Rule 3-13 on April 24, 2013 [Dkt. #4].

8.      I have received and reviewed data provided to me by ODFL setting forth the number of full-time P&D drivers that currently work or last worked for ODFL at each of its

47790205.4

23

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

California-based service center locations between January 22, 2009 and January 22, 2013.  Based on that data, I identified the federal judicial district that encompasses each of ODFL's California-based service center locations and determined the number of full-time P&D drivers that currently work or last worked for ODFL within each respective district during that time period to be as follows:

| Service Center | P&D Drivers | Federal Judicial District |
|---|---|---|
| Bakersfield | 5 | Eastern |
| Chico | 8 | Eastern |
| Fresno | 13 | Eastern |
| Long Beach | 39 | Central |
| Los Angeles | 49 | Central |
| Modesto | 1 | Eastern |
| Orange | 25 | Central |
| Oxnard | 10 | Central |
| Rialto | 81 | Central |
| Sacramento | 20 | Eastern |
| San Diego | 20 | Southern |
| San Francisco | 36 | Northern |
| San Jose | 19 | Northern |
| Stockton | 15 | Eastern |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 8, 2013, at Los Angeles, California.


_____
/s/ Matthew C. Kane
MATTHEW C. KANE

24

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S MOTION TO TRANSFER, DISMISS OR STAY ACTION PURSUANT TO FIRST-TO-FILE RULE AND/OR 28 U.S.C. § 1404**

1

<u>**CERTIFICATE OF SERVICE**</u>

2          I hereby certify that on May 8, 2013, I electronically transmitted the foregoing document to

3    the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of

4    Electronic Filing.

5          I declare under penalty of perjury under the laws of the United States of America that the

6    foregoing is true and correct.

7          Executed on May 8, 2013, at Los Angeles, California.

8

9                                    /s/ Matthew C. Kane
                          _____
10                                 MATTHEW C. KANE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

47790205.4