UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALLAN TURNAGE,

    Plaintiff,

    v.

OLD DOMINION FREIGHT LINE, INC.,

    Defendant.
_____/

No. C 13-1409 PJH

**ORDER DENYING MOTION TO REMAND; ORDER TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1404(a)**

Plaintiff's motion to remand and defendant's motions to dismiss and transfer or stay the above-entitled action came on for hearing before this court on June 12, 2013. Plaintiff appeared by his counsel Brian Short, and defendant appeared by its counsel Matthew Kane. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motion to remand, GRANTS the motion to transfer, and DENIES without prejudice the motion to dismiss and/or strike as moot.

**BACKGROUND**

In this action, plaintiff Allan Turnage asserts wage-and-hour claims on his own behalf and on behalf of all similarly situated current and former employees of defendant Old Dominion Freight Line, Inc. ("ODFL"). ODFL is a trucking company that is incorporated in Virginia and does business in California. Plaintiff and the members of the purported class

("more than 50" individuals, according to the complaint) are/were truck drivers employed by ODFL. Plaintiff was employed by ODFL from 2009 until he was terminated in December 2011.

Plaintiff filed the complaint on January 22, 2013, in Alameda County Superior Court, alleging causes of action for failure to provide meal and rest periods, failure to pay minimum wages, failure to pay wages in a timely manner, failure to provide itemized wage statements, failure to maintain accurate records, and failure to allow inspection of personnel files and records, in violation of California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 512(a), 558, 1197, and 1198, and Industrial Welfare Commission (IWC) Wage Orders; a representative claim seeking to recover civil penalties under the Private Attorney General Act (PAGA), California Labor Code § 2699, et seq; and a cause of action for unlawful, deceptive, and unfair business practices under California Business & Professions Code § 17200.

The class that plaintiff seeks to represent is defined in the complaint as "[a]ll hourly non-exempt employees of Old Dominion employed as truck drivers in the State of California at any time since four years and 33 days from the filing of the complaint." Cplt. ¶ 13(a).

On March 29, 2013, ODFL removed the case, alleging jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Accompanying the notice of removal was a declaration by Bill Tittsworth, ODFL's Director of Compensation and Employee Benefits, in which he provided calculations of an estimated amount in controversy in excess of $29 million.

Presently before the court are three motions –

(1) ODFL's motion to dismiss each of the nine causes of action, plus a motion to strike allegations regarding overtime wages, claims for injunctive relief, requests for attorneys fees in connection with meal and rest break violations, and the prayer for attorney's fees under Civil Code § 1021.5, filed April 5, 2013;

(2) plaintiff's motion to remand the case to San Francisco Superior Court, filed April

2

29, 2013; and

(3) ODFL's motion to transfer, dismiss, or stay the action pursuant to the first-to-file rule and or 28 U.S.C. § 1404, filed May 8, 2013.

## DISCUSSION

A.  Motion to Remand

1.  Legal standard

A civil action filed in state court may be removed if it could properly have been originally filed in federal court. 28 U.S.C. § 1441. CAFA vests a district court with original jurisdiction over a class action where (1) there are one-hundred or more putative class members; (2) at least one class member is a citizen of a state different from the state of any defendant; and (3) the aggregated amount in controversy exceeds $5 million, exclusive of costs and interest. See Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011) (citing 28 U.S.C. § 1332(d)(2), 5(B), (6)).

The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure, and the district court must remand the case if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

2.  Plaintiff's motion

In the moving papers, plaintiff argues that the case must be remanded because ODFL's notice of removal fails to show that the amount in controversy exceeds $5,000,000, and also fails to show that there are a minimum of 100 members in the proposed class. Plaintiff appears to have conceded (by absence of argument in the reply brief) that the proposed class exceeds 100 members. Thus, the sole question is whether the amount in controversy exceeds $5,000,000.

The initial determination of whether a case should be remanded for failure to meet the required amount in controversy turns on what is alleged in the complaint. Where, as

3

1   here, the state court complaint does not specify the amount of damages sought, the
2   removing defendant must prove by a preponderance of the evidence that the amount-in-
3   controversy requirement has been met. Abrego-Abrego v. Dow Chem. Co., 443 F.3d 676,
4   683 (9th Cir. 2009); see also Lowdermilk v. U.S. Bank Nat'l Assoc., 479 F.3d 994, 998 (9th
5   Cir. 2007).[1]

6        In calculating the amount in controversy, the ultimate inquiry is what amount is put
7   "in controversy" by the complaint, not what a defendant will actually owe. See Korn v. Polo
8   Ralph Lauren Corp., 536 F.Supp. 2d 1199, 1205 (E.D. Cal. 2008); Rippee v. Boston Market
9   Corp., 408 F.Supp. 2d 982, 986 (S.D. Cal. 2005). The amount in controversy includes the
10  amount of damages in dispute, as well as attorney's fees, if authorized by statute or
11  contract. See Galt G/S v. JSS Scandanavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998).
12  When the amount is not "facially apparent" from the complaint, the court may consider facts
13  in the removal petition, and may require the parties to submit summary-judgment type
14  evidence relevant to the amount in controversy at the time of removal. Singer v. State
15  Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997).

16       On the same date that it filed its opposition to plaintiff's motion to remand, ODFL
17  also filed an amended notice of removal, which was accompanied by a declaration by Ken
18  Ludwig, ODFL's Vide President, Human Resources. The declaration, which was based on
19  Mr. Ludwig's review of ODFL's personnel and employment records, showed that ODFL
20  employed at least 341 full-time "Pick Up and Delivery" drivers during the period from
21  January 22, 2009 through January 22, 2013. Further, based on the number of employees
22  working at any given time, and the number of "net" workweeks (total workweeks minus paid
23  time off and leaves of absence), the declaration estimated (among other things) that the
24  total amount in controversy for the meal break and rest break claims was was
25  $4,146,254.40; the amount in controversy for the minimum wage claims was $681,040.00;

---

[1] CAFA did not shift the burden of proof – under CAFA, the removing defendant, not the class action plaintiff, continues to bear the burden of proof. Abrego, 443 F.3d at 678.

and the amount in controversy for waiting-time penalties and penalties for inaccurate wage statements exceeded $1.3 million. In addition, ODFL asserts that a 25% attorney's fee is reasonable.

While plaintiff argues that ODFL's calculations are speculative and based on fictional violation rates, the court finds that the calculations are adequately supported by Mr. Ludwig's declaration, and that they are sufficient to establish by a preponderance of the evidence that the total amount in controversy exceeds $5,000,000.[2] Accordingly, the court finds that the motion to remand must be DENIED.

B.   Motion to Transfer

ODFL seeks an order transferring this case to the Central District of California pursuant to the first-to-file rule and/or 28 U.S.C. § 1404(a). Because the court finds that transfer for the convenience of parties and witnesses is warranted under § 1404(a), the court does not address the motion pursuant to the first-to-file rule.

1.   Legal standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

A district court conducts an "individualized, case-by-case consideration of convenience and fairness" and considers multiple factors when determining if transfer is appropriate. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (quotation and citation omitted). Courts have the discretion to apply any of a number of factors, and the formulation of those factors varies from case to case. For example, in Jones, the court identified the following factors as relevant to the analysis:

> (1) the location where [any] relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the

---

[2] The court finds that the amount-in-controversy requirement is met without the addition of the PAGA penalties. The question whether PAGA penalties may be aggregated is the subject of dispute between the parties, and appears unsettled.

5

>plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Id. at 498-99.

In Williams v. Bowman, 157 F.Supp. 2d 1103 (N.D. Cal. 2001), the court listed the following factors:

>(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

Id. at 1106 (citing Royal Queentex Enterprises Inc v. Sara Lee Corp., 2000 WL 246599 at *2 (N.D. Cal. Mar. 1, 2000) (citing Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986)).

   2.   Defendant's motion

ODFL argues that the interests of justice strongly favor transfer to the Central District of California, because of the pendency in that district of another similar class action – Rodriguez v. Old Dominion Freight Line, Case No. C-13-0891 DSF (C.D. Cal.) – which happens to have been filed before the present action was filed. ODFL contends that the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties, and the avoidance of duplicitous litigation and inconsistent results.

With regard to the plaintiff's choice of forum, while that factor is generally afforded substantial weight, ODFL asserts that in this case, it is neutral because the plaintiff is seeking to represent a statewide class. See Schwarzer, Tashima and Wagstaffe, Federal Civil. Procedure Before Trial (2013 ed.) § 4:764.

With regard to the convenience of parties and witnesses, ODFL argues that the minimal inconvenience to plaintiff that would result if the case were transferred is greatly outweighed by the inconvenience and injustice that would result to ODFL if the case were not transferred. ODFL asserts that forcing an out-of-state defendant to defend two similar

(if not identical) lawsuits in two different districts in California when plaintiff is already being represented in both actions (or will be after class certification) tips the balance in favor of transfer.

As for the witnesses, ODFL argues that the overwhelming majority of drivers in the proposed class work or last worked at ODFL service centers located in the Central District. Relying on a declaration from Mr. Tittsworth, ODFL breaks the location of the California drivers down as follows: 204 in the Central District, 62 in the Northern District, 55 in the Southern District, and 20 in the Eastern District. ODFL contends that because the greatest concentration of drivers in the proposed class is in the Central District, and in Southern California in general, this factor favors transfer.[3]

As for the ease of access to proof, ODFL contends that this factor is neutral, since relevant documentary evidence can be made available at any location in California. ODFL also notes, however, that the employment records for the majority of the drivers who are located in the area covered by the Central District are maintained and available there.

With regard to the familiarity of each forum with the applicable law, ODFL argues that this factor is neutral or inapplicable. As for the feasibility of consolidation with other claims, ODFL asserts that this factor favors transfer because of the pendency of the Rodriguez proposed class action in the Central District. As for the local interest in the controversy, ODFL contends that this is a neutral factor because plaintiff seeks to represent a statewide class of former and current employees. And finally, with regard to the relative congestion of the dockets, ODFL argues that this factor favors transfer, since the average time between filing and disposition of cases is shorter in the Central District than it is in this district.

In opposition, plaintiff does not address any of the relevant factors, arguing only that ODFL waived its right to request a transfer for improper venue because it did not present

---

[3] According to ODFL, the employees who implemented the policies and practices being challenged in this lawsuit are located at corporate headquarters in North Carolina. Thus, it appears that apart from the drivers and any on-site supervisors, there are no other California-based witnesses.

7

this argument when it filed its Rule 12(b)(6) motion to dismiss on April 29, 2013. In support, plaintiff cites Sandy v. McClure, 2008 WL 4830727 (N.D. Cal. Nov. 6, 2008). In that case, the defendant moved pursuant to § 1404(a) for a transfer of venue for the convenience of parties and witnesses. The court denied the motion because the defendants had filed an answer before filing the motion to transfer, thereby (according to the court) waiving the defense of improper venue. See id. at *2.

       The court finds that the motion must be GRANTED. On balance, the factors cited by ODFL favor transferring venue. In particular, given that the majority of drivers who are members of the class are located in the Central District, while a relatively smaller percentage are located in this district, a transfer to the Central District would be more convenient for parties and witnesses. Moreover, plaintiff has not provided any opposition to the motion in the form of analysis of the factors. Plaintiff's only argument is based on the incorrect assertion that ODFL is objecting to "improper venue" but has waived the right to do so by not mentioning its objections to venue in the pending motion to dismiss.

       As for the Sandy decision, while it is true that a defendant can waive his or her right to object to improper venue by failing to raise it in a motion, a defendant who has waived his/her objection to improper venue has not necessarily waived the right to seek a transfer of venue under § 1404(a). Unlike a motion to dismiss for improper venue under Rule 12(b)(3), a motion to transfer venue under § 1404(a) does not relate to a "defense" that must be raised by pre-answer motion or in a responsive pleading. See Wright and Miller, 14D Federal Practice and Procedure, Jurisdiction (2013 ed.) § 3829; see also Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2013 ed.) § 4:667 (waiver of improper venue does not affect defendant's right to seek transfer to a more convenient forum under § 1404(a)).

       Further, while a transfer for "convenience" should be brought as soon as the "inconvenience" becomes apparent, "the motion technically can be made at any time. I.e., there is no risk of waiver by delay as there is with improper venue." Schwarzer, et al., Federal Civil Procedure Before Trial § 4:776.

**CONCLUSION**

In accordance with the foregoing, the court DENIES the motion to remand, and GRANTS the motion to transfer the case to the Central District of California pursuant to 28 U.S.C. § 1404(a) for the convenience of parties and witnesses.

Because the court finds that the case should be transferred, the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is DENIED as moot, without prejudice to re-filing it in the Central District.

**IT IS SO ORDERED.**

Dated:  June 14, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge